IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GENE B. PHILLIPS, *et al.*, | ) | CASE NO. 1:19CV1277 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| ACACIA ON THE GREEN | ) | |
| CONDOMINIUM ASSOCIATION, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OPINION & ORDER** |

On June 27, 2019, the Court issued a Show Cause Order indicating its intent to decline to exercise supplemental jurisdiction over the state law claims in Plaintiffs' Complaint that are unrelated to the federal claim in this case, which was removed to this Court from state court by Defendants. See Doc. 8. The Court instructed the parties to file briefs, if they wished, weighing in on the matter. Plaintiffs did not file a brief. Defendants filed a brief captioned "Objections to Magistrate's Decision," which listed the wrong judge's name in the case caption. Doc. 10.

As an initial matter, the undersigned is the presiding judge in this case because the parties consented to the jurisdiction of the magistrate judge, as they are well aware. See Doc. 7 (signed consent form); Order, 6/20/2019 (Order of case reassignment). In the future, all filings shall contain the correct case caption with the correct judge's name, as illustrated by the caption in this Order.

Construing the Defendants' "Objections" as a brief, the Court finds that Defendants' arguments for why this Court should exercise supplemental jurisdiction over the state law claims unrelated to the federal claim lack merit.

To recap: Plaintiffs Gene B. Phillips and Stephen G. Weiss are residents and owners of units at Acacia on the Green Condominiums and filed a Complaint in state court against Acacia on the Green Condominium Association, Inc., ("AGCAI") and thirteen individuals (collectively, "Defendants"). The Defendants are current or past board members of AGCAI, current or past office holders of the board of AGCAI, and/or employees of AGCAI.

In the Complaint, Plaintiffs detail the wrongs that Defendants/AGCAI allegedly committed. Plaintiffs' only federal claim is that Defendants/AGCAI violated the Fair Housing Amendments Act of 1988 (FHA) and the American with Disabilities Act (ADA) when they did not permit Plaintiffs to use grills on their patios, thereby discriminating against Plaintiffs based on their disability. Doc. 1-2, pp. 46-47 (Count 4). One state law claim alleges this discriminatory conduct is unlawful pursuant to Ohio law, R.C. § 4112.02 (Count 5). In contrast, the remaining state law claims concern Defendants' alleged violations of state law when they allegedly mismanaged the condominium association.

For example, the remaining state law claims allege violations of Ohio Condominium law and claims for breach of corporate fiduciary duties, and breach of contract, and seek declaratory judgment, injunctive relief, and an audit and accounting. While true that a handful of the allegations regarding these state law claims involve the issue of having grills on patios (the basis for Plaintiffs' FHA and ADA claims), the vast majority of the allegations underlying the state law claims in the 64-page Complaint are not related to the Plaintiffs' alleged need to have grills on their patios due to their disability. Rather, the majority of the allegations and the claims in the Complaint challenge the manner in which AGCAI operates. The Complaint includes allegations that Defendants did not properly supervise their employees and granted them excessive authority, failed to condemn attacks made by others, failed to properly manage AGCAI (e.g.,

2

when it rehabilitated the garage and swimming pool, built a new picnic pavilion, fitness center, and card room, and by making multiple expenditures for improvements to the facilities, all without obtaining board approval in the manner set forth by the AGCAI bylaws; failing to prepare a proper budget and provide notice of budget to unit owners; failing to require its vendor and contractors to obtain proper permits; failing to provide documents that had been requested), recorded false or erroneous minutes at board meetings, failed to adequately budget for maintenance fees and capital reserve funds, failed to submit the AGCAI budget, which was improperly prepared, to unit owners for review, and failed to share financial reports. See, e.g., Doc. 1-2, pp. 35-41. Plaintiffs seek injunctive relief enjoining and prohibiting the current AGCAI Board of Directors from taking any actions without court permission until new members are elected; obtaining an audit of AGCAI's finances; ensuring the new AGCAI Board of Directors will prepare a proper budget; ordering AGCAI to hire a new building manager and maintenance supervisor; and permitting grilling on patios in accordance with Ohio law and local fire codes. See, e.g., Doc. 1-2, pp. 56-60.

In short, the majority of the allegations and claims in Plaintiffs' Complaint are not related to the federal claim alleging discriminatory conduct based on Plaintiffs' alleged disability when Defendants did not permit Plaintiffs to have grills on their patios. Defendants' assertion that all the state law claims "arise out of the same interlocked series of transactions" as the federal claim (Doc. 10, p. 5) is not borne out by the allegations in the Complaint. Moreover, the unrelated state law claims substantially predominate over Counts 4, the federal claim over which this Court has original jurisdiction, and the related state law claim, Count 5. *See* 20 U.S.C. § 1367(c)(2).

Furthermore, judicial economy would not be served by litigating all these claims together, because the discriminatory conduct alleged (forbidding Plaintiffs to have grills on their

patios) is a discrete issue with relevant, federal legal authority completely unrelated to issues of condominium management under Ohio Condominium law. *See City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997) (in addition to the circumstances in a particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the federal and state law claims, courts consider judicial economy, convenience, fairness and comity.). Convenience and fairness do not require that this Court retain jurisdiction of these claims. Finally, interests of comity counsel in favor of remanding the complex issues of condominium management in this case for the state court's greater expertise in applying Ohio state law.

For all these reasons, the Court, in its discretion, declines to exercise supplemental jurisdiction over the unrelated state law claims in the Complaint, Counts 1, 2, 3, 6, 7, and 8, pursuant to 20 U.S.C. § 1367(c)(2). Counts 1, 2, 3, 6, 7, and 8 of Plaintiffs' Complaint are hereby **REMANDED** to the Cuyahoga County Court of Common Pleas, the state court from which they were removed. The Court retains jurisdiction over Count 4 and Count 5 of the Complaint. Because Counts 4 and 5 do not involve Defendants Lisa Flynn or Kenneth Jevnikar, Defendants Flynn and Jevnikar are terminated as Defendants in this case.

    IT IS SO ORDERED.

Dated: July 11, 2019            */s/ Kathleen B. Burke*

                                                   Kathleen B. Burke
                                                   United States Magistrate Judge