IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GENE B. PHILLIPS, *et al.*, | ) | CASE NO. 1:19CV1277 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| ACACIA ON THE GREEN | ) | |
| CONDOMINIUM ASSOCIATION, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OPINION & ORDER** |

Plaintiffs Gene B. Phillips and Stephen G. Weiss (hereinafter, "Plaintiffs")[1] are residents and owners of units at Acacia on the Green Condominiums who allege that they are disabled. Plaintiffs filed a Complaint against Acacia on the Green Condominium Association, Inc., ("AGCAI") and eleven individuals (collectively, "Defendants")[2] in which they allege that Defendants violated the American with Disabilities Act ("ADA"), the Fair Housing Act ("FHA"), and Ohio discrimination law by refusing to grant Plaintiffs an exception to an AGCAI rule prohibiting grills on patios. After the Court remanded six of the eight claims alleged in the Complaint to state court (Doc. 11), Defendants filed a Motion for Judgment on the Pleadings (the "Motion") as to the remaining two claims, Count 4 (FHA and ADA), and Count 5 (Oh. Rev. Code § 4112.02). Doc. 17. Plaintiffs filed an Opposition (Doc. 26) and Defendants filed a Reply (Doc. 31).

---

[1] Also included as Plaintiffs are two other entities: the "Stephen G. Weiss Trust Dated August 30, 2001" and the "First Amendment and Restatement Dated July 20, 2018 of the David I Weiss Revocable Trust Dated August 14, 2014." Doc. 1-2, pp. 3-4, 7, ¶9.

[2] Plaintiffs originally named thirteen individual Defendants. Two named individuals were not implicated in Counts 4 and 5, the only claims before this Court, and, accordingly, they were terminated from this action. Doc. 11, p. 4.

In their Motion, Defendants, citing cases, argued that it is well-settled law that the ADA does not apply to condominium associations. Doc. 17, pp. 5-6. Plaintiffs, in their Opposition, state that they "have withdrawn" their ADA claim. Doc. 26, p. 13. Accordingly, Plaintiffs' ADA claim is DISMISSED with prejudice.

With respect to Plaintiffs' FHA and related state law claim, none of the cases Defendants rely on to support their Motion was decided at the pleadings stage and all are distinguishable on their facts. For that and the other reasons set forth below, the Court concludes that Plaintiffs' Complaint states a claim under the FHA and its state law analogue that is at least facially plausible and therefore DENIES Defendants' Motion.

## I. Facts as alleged by Plaintiffs

Plaintiffs Phillips and Weiss each owns and occupies a ground-floor unit at Acacia on the Green Condominiums in Lyndhurst, Ohio, that is governed by AGCAI. Doc. 1-2, pp. 9-10, ¶¶ 15, 18-20; p. 11, ¶26-27; p. 13, ¶41. Their units are adjacent to one another and have adjacent concrete patios that extend more than ten feet beyond their units. Doc. 1-2, p. 13, ¶41.

Plaintiff Phillips suffers from neuropathy, requiring her to use a cane. Doc. 1-2, pp. 9-10, ¶ 16. Plaintiff Weiss suffers from cancer and an immune deficiency, making it difficult for him to walk more than short distances. Doc. 1-2, p. 10, ¶21. It is not clear when Plaintiffs became disabled, but they submit that they were "able to fully enjoy residing at the Acacia Condominium property for many years before they became disabled." Doc. 26, p. 11. Phillips has lived in her unit since 2002 and Weiss has lived in his unit since 2012. Doc. 1-2, p. 13, ¶41.

Since 2010, AGCAI has had a rule providing that "any form of cooking on the patio or balcony is prohibited." Doc. 1-2, p. 14, ¶46; Doc. 26-2, p. 10. From 1999 to 2010, the rule did not refer to patios and expressly prohibited only cooking on balconies. Doc. 26, p. 14; Doc. 26-

2, p. 11. Nevertheless, Defendants assert, and Plaintiffs do not dispute, that gas grills have not been used on balconies *or* patios at AGCAI for over 25 years. See Doc. 31, p. 1; Doc. 29, pp. 17-18.[3]

In June 2014 and 2015, Weiss requested permission from Marvin Miller, AGCAI president, to use a gas grill on his patio. Doc. 1-2, pp. 12-13, ¶¶ 38, 43, 44. In his June 2015 request, Weiss cited the Ohio and Lyndhurst Fire Codes that had been amended in 2005 so as to permit the use of gas grills "as long as they are 10 feet from any combustibles surrounding the grill in addition to being at least 15 feet below the balcony above" and as long as the grill is constantly attended and an extinguisher is hung correctly on the patio. Doc. 1-2, pp. 13-14, ¶44; Doc. 29, p. 2 (Weiss letter). Miller denied Weiss's request based in part on the 2010 AGCAI rule prohibiting cooking on unit owners' patios. Doc. 1-2, p. 14, ¶¶45-46.

In 2016, Acacia built a new picnic pavilion, which included grills, for the use of its residents. Doc. 1-2, p. 21, ¶65(k); Doc. 26, p. 14.

In August 2018, Phillips requested permission from the AGCAI board to use a gas grill on her patio; her request was denied based on the AGCAI rule prohibiting cooking on unit owners' patios. Doc. 1-2, p. 15, ¶¶49-53; Doc. 29, pp. 11-13 (letters). Plaintiff Weiss also continued to request permission from the AGCAI board to use a gas grill on his patio in 2016 and 2018 and his requests were denied. See e.g. Doc. 29, pp. 14, 17 (letters).

In their Complaint, Plaintiffs allege that Defendants' refusal to permit them to use grills on their patios violates the American with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA"), the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*, ("FHA"), and Ohio discrimination law, R.C. § 4112.02. They submit that Defendants' refusal to permit them to use grills on their patios means

---

[3] Prior to becoming condominiums in 1980, the Acacia on the Green units were apartments and grilling on balconies and patios was permitted. Doc. 26, p. 14; Doc. 29, p. 18.

3

that they are required to walk several hundred feet to use the grills in the common area located on Acacia on the Green property. Doc. 1-2, pp. 46-49.

## II. Legal Standard

The pleading requirements for a motion for judgment under the pleadings pursuant to Fed. R. Civ. P. 12(c) are the same as the requirements Rule 12(b)(6): the pleadings must demonstrate sufficient factual matter, if taken as true, which state a claim "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "A plaintiff falls short if she pleads facts 'merely consistent with a defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct....'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2011)).

On a motion for judgment on the pleadings, all well-pleaded allegations of the non-moving party must be taken as true. *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008). The Court may examine the complaint and its exhibits, public records, items appearing in the record of the case, and exhibits attached to the motion so long as they are referenced in the complaint and are central to its claims. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Judgment may be granted only "when there is no material issue of fact exists and the [moving party] is entitled to judgment as a matter of law." *Id*. (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007)).

## III. Analysis

As an initial matter, Defendants' Motion and Plaintiffs' response indicates that Defendants have moved for "partial judgment on the pleadings." Doc. 17, p. 1; Doc. 26, p. 1. However, as the parties are aware, the Court previously remanded to state court all the claims in

this case except for two: Counts 4 and 5. See Doc. 8 (Show Cause Order); Doc. 8 (Memorandum Opinion and Order). Defendants moved for judgment on the pleadings on Counts 4 and 5. Therefore, Defendants' Motion is not a request for "partial" judgment on the pleadings; it is a request for a full disposition of this case.

As noted above, Plaintiffs have withdrawn their ADA claim. Accordingly, the only claims left in this case are Plaintiffs' claim under the FHA and under its state law analogue.

**A. Defendants are not entitled to judgment on the pleadings on Plaintiff's FHA claim**

### 1. FHA standard

The FHA prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap...." 42 U.S.C. § 3604(f)(2). "Discrimination" is "[a] refusal to make reasonable accommodations in rule, policies, practices, or services, when such accommodations may be made necessary to afford such person equal opportunity to use and enjoy a dwelling[.]" § 3604(f)(3)(B).

The parties agree that this is an accommodation case and that, to prevail on a claim that a housing provider failed to reasonably accommodate a disability, a plaintiff must show that (1) he or she suffers from a disability within the meaning of the FHA; (2) the defendant knew or reasonably should have known of the disability; (3) the requested accommodation may be necessary to afford "an equal opportunity to use and enjoy the dwelling;" (4) the accommodation is reasonable; and (5) the defendant refused to make the accommodation.[4] *Overlook Mut. Homes, Inc. v. Spencer*, 415 F. App'x 617, 621 (6th Cir. 2011) (citing *DuBois v. Ass'n. of*

---

[4] Doc. 17, pp. 6-7 (Defendants' motion brief); Doc. 26, p. 13 (Plaintiffs' opposition brief).

*Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2005)); *Vance v. City of Maumee, Ohio*, 960 F.Supp.2d 720, 728 (N.D. Ohio 2013); *Smith & Lee Assocs., Inc. v. City of Taylor*, *Michigan*, 102 F.3d 781, 795 (6th Cir. 1996) (citing *Southeastern Community College v. Davis*, 442 U.S. 397, 410, 412, (1979)).

> When analyzing whether an accommodation is required under this Act, the three operative elements are "reasonable," "equal opportunity" and "necessary." *See Smith*, 102 F.3d at 794. An accommodation is "reasonable" when it imposes no "fundamental alteration in the nature of the program" or "undue financial and administrative burdens." *Id*. at 795 (quoting *Southeastern Community College v. Davis*, 442 U.S. 397, 410, 412, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979)). "Equal opportunity" under the FHAA is defined as "giving handicapped individuals the right to choose to live in single-family neighborhoods, for that right serves to end the exclusion of handicapped individuals from the American mainstream." *Id*. at 794–95. Linked to the goal of equal opportunity is the term "necessary." *Id*. at 795. In order to prove that an accommodation is "necessary," "[p]laintiffs must show that, but for the accommodation, they likely will be denied an equal opportunity to enjoy the housing of their choice." *Id*. (citing *Bronk v. Ineichen*, 54 F.3d 425, 429 (7th Cir.1995) ("[T]he concept of necessity requires at a minimum the showing that the desired accommodation will affirmatively enhance a disabled plaintiff's quality of life by ameliorating the effects of the disability.")).

*Howard v. City of Beavercreek*, 276 F.3d 802, 806 (6th Cir. 2002).

### 2. Analysis of Plaintiffs' FHA claim

Defendants appear to concede that Plaintiffs' requested accommodation was reasonable when they state, "Acacia acknowledges that merely allowing Plaintiffs to buy and use a gas grill at their own expense is not per se unreasonable, but Plaintiffs cannot establish an FFHA violation because they cannot demonstrate that they were denied an equal opportunity to use and enjoy their dwelling because <u>no unit owner is permitted to maintain private grills on outdoor patios per Acacia's clear rules and regulations</u>." Doc. 17, p. 7 (emphasis in original). They tailor their arguments to whether Plaintiffs' requested accommodation was necessary. See Doc. 17, pp. 7-8. Defendants submit that no unit owner is permitted to maintain private grills on outdoor patios per AGCAI's rules and regulations and assert that Plaintiffs have lived in their units for years

6

without the ability to cook on their patios. Doc. 17, pp. 7-8. They conclude that Plaintiffs' request to have grills on their patios is not a "meaningful" request that would "ameliorat[e]" the effects of their disabilities. Doc. 17, p. 8. In support, Defendants cite cases referenced above, as well as others, but do not explore the facts of the cited cases or explain how the facts and rulings in those cases demonstrate that they are entitled to judgment on the pleadings of Plaintiffs' FHA claim in this case. See Doc. 17, p. 7-8.

Plaintiffs "do not dispute the holdings of these cases [cited by Defendants]." Doc. 26, p. 17. They explain,

> What Plaintiffs argue, however, is that *their inability to enjoy outdoor grilling* for their family and friends, especially on national or personal family holidays, *using one or both of the large, new grills built into the new Acacia pavilion* behind their units, *ended when they each became handicapped.* [sic] It was at this point that Plaintiffs began asking for accommodations as handicapped residents which Defendants refused to grant, much less to even discuss.

Doc. 26, pp. 17-18 (emphasis in original).[5] They assert that their condominium housing includes not only their own units but also the common "elements" maintained by ACGAI for the use and enjoyment of all unit owners. Doc. 26, p. 18. They maintain that they can no longer enjoy the common areas with their non-handicapped neighbors and contend that Defendants must accommodate them by creating an exception to the AGCAI rule so as to permit handicapped first-floor unit owners with concrete patios to have grills on the patios. Doc. 26, p. 18. Plaintiffs do not cite legal authority in support of their position or attempt to align the facts in this case with facts in a case where it was found that an FHA claim was sufficiently alleged.

In their Reply, Defendants again assert that the concept of "necessity" in an FHA claim

---

[5] Although Plaintiffs state that they began asking for accommodations as handicapped persons after 2016, Weiss requested permission to have a grill on his patio in 2014 and 2015, prior to the common area grills being added. Doc. 1-2, pp. 12-13, ¶¶ 38, 43, 44. Weiss's 2014 request was not filed with the Complaint but his 2015 request was, and it does not mention a handicap. Doc. 29, pp. 2-3.

7

requires a showing that the desired accommodation enhances a disabled plaintiff's quality of life by ameliorating the effects of the disability. Doc. 31, p. 4. Defendants do not describe why they believe Plaintiffs' requested accommodation would not ameliorate the effects of their disability. They point out that Plaintiffs have not cited case law demonstrating that "a desire for recreational use of an amenity amounts to a 'reasonable accommodation' under any discrimination law[.]" Doc. 31, p. 5. In other words, Defendants challenge the reasonableness of Plaintiffs' requested accommodation, although they did not challenge it in their opening brief. Moreover, while true that Plaintiffs have not cited case law regarding access to an amenity in a common area, the FHA applies to a plaintiff's access to a common area and, presumably, the amenities within. *See* 24 C.F.R. § 100.204(a) (describing a "dwelling unit" as including "public and common use areas"); 24 C.F.R. § 100.201 (common use areas include recreational areas made available for use by residents);[6] *see also Wood v. Briarwinds Condo. Ass'n Bd. of Dirs.*, 2009 WL 10668944, at *3 (S.D.Fla. March 20, 2009) (allegation that path to the condominium common area is comprised of crushed rock and inaccessible to a wheelchair user stated an FHA claim, *aff'd*, 369 Fed. App'x 1 (11th Cir. 2010)). Defendants do not dispute that the Acacia on the Green pavilion and the grills is a common use area.

Although Plaintiffs ultimately bear the burden of proving the elements of an FHA claim, this case is at the pleading stage. Accordingly, the Court is tasked with determining whether the factual allegations in Plaintiffs' Complaint are sufficient to make their FHA claim plausible, i.e., more than merely possible. *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Iqbal*, 556 U.S. 662)).

---

[6] 24 C.F.R. § 100.200 *et seq*. are the implementing regulations to the FHA. *See United States v. Noble Homes, Inc.*, 173 F.Supp.3d 568, 572 (N.D.Ohio 2016).

The Court concludes that Plaintiffs' Complaint contains sufficient factual allegations to render their FHA claim plausible. Defendants' argument that all residents are bound by the rule that prohibits cooking on patios or balconies is no answer to Plaintiffs' claim that, under the FHA, they should be granted a reasonable accommodation, i.e., exception to the rule. Defendants' argument that Plaintiffs have resided in their condominiums for many years does not address Plaintiffs' allegations that, as a result of becoming disabled, they lack access to, and enjoyment of, the grills in the common area enjoyed by other residents. Defendants have not identified any legal authority supporting the entry of judgment on the pleadings on similar facts. Notably, none of the FHA cases Defendants cite were decided at the pleading stage. None are on point with the facts in this case.[7] Defendants have made no attempt to explain how the facts and legal conclusions in the cases they relied upon support a finding that the Plaintiffs' allegations in this case are insufficiently pled. Therefore, Defendants' Motion is denied.

**B. Defendants are not entitled to judgment on the pleadings on Plaintiff's Ohio law claim**

The parties agree that the same requirements that apply to Plaintiffs' FHA claims also apply to their Ohio discrimination claims. Doc. 17, p. 9; Doc. 26, p. 18; *see also Means v. City of Dayton*, 111 F.Supp.2d 969, 973 (S.D. Ohio 2000). Because the Court finds that Defendants are not entitled to judgment on the pleadings on Plaintiffs' FHA claim, Defendants are not

---

[7] Not only are the facts in the cases cited by Defendant different from this case, the analysis in some of the cited cases concern different *Overlook Mut. Homes* elements or did not use the *Overlook* elements. *See, e.g., Bronk v. Ineichen*, 54 F.3d 425, 429 (7th Cir. 1995) (finding that the plaintiff's request for a companion animal was not "reasonable" or "necessary"); *United States v. Trumbull Metro. Housing Auth.*, 2018 WL 2183265, at *5 (N.D.Ohio May 10, 2018) (plaintiff's desire for a separate room for dialysis treatment was not "necessary"); *Howard v. City of Beavercreek*, 276 F.3d 802, 806 (6th Cir. 2002) (finding that the plaintiff's requested accommodation to permit him to erect a privacy fence was not "necessary"); *Powers v. Kalamazoo Breakthrough Consumer Housing Co-op*, 2009 WL 2922309, at **7-10 (W.D.Mich. Sept. 9, 2009) (finding that there was a factual dispute as to whether the plaintiff requested an accommodation and whether it was "reasonable"); *Robinson v. City of Friendswood*, 890 F.Supp.616, 622-623 (S.D.Tx. 1995)(applying a standard not used in the Sixth Circuit and making no finding of reasonableness or necessity).

entitled to judgment on the pleadings on Plaintiffs' Ohio discrimination claim.

## IV. Conclusion

For the reasons state above, Plaintiffs' ADA claim in Count 4 of the Complaint has been withdrawn; it is, therefore, dismissed with prejudice. Defendants' Motion for Judgment on the Pleadings (Doc. 17) is DENIED. This case will proceed on Plaintiffs' FHA claim in Count 4 and the related Ohio discrimination claim in Count 5.

IT IS SO ORDERED.

Dated: October 10, 2019 　　　　　　　　　　 */s/ Kathleen B. Burke*
　　　　　　　　　　　　　　　　　　　　　　　Kathleen B. Burke
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge