IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GENE B. PHILLIPS, *et al.*, | ) | CASE NO. 1:19CV1277 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| ACACIA ON THE GREEN | ) | |
| CONDOMINIUM ASSOCIATION, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OPINION & ORDER** |

This case is limited to two counts under the Fair Housing Act and its Ohio analogue, all other claims having been remanded to state court. See Doc. 11. The deadline to add parties or amend pleadings expired on September 9, 2019. Three months after the deadline to amend pleadings, Plaintiffs, on December 12, 2019, filed a Motion for Leave to file an Amended and Supplemental Complaint (the "Motion") against Defendant Acacia on the Green Condominium Association, Inc. ("AGCAI"), and eleven individual defendants, all current or former AGCAI Board members. Doc. 36.

Plaintiffs seek to add two new defendants, Lisa Flynn and Kenneth Jevnikar, who are AGCAI employees, on the basis of their alleged "hate/hostile environment conduct." Doc. 36, p. 1. The allegations against Flynn and Jevnikar that Plaintiffs wish to add to the Complaint are contained in three paragraphs that allege three instances of hostile statements and conduct. Doc. 36, pp. 3-5. Only one of the alleged incidents took place after the deadline to amend had passed. See Doc. 36, pp. 3-5.[1] Plaintiffs also seek to add allegations regarding the AGCAI Board's

---

[1] The proposed amended complaint alleges that Plaintiff Weiss observed Jevnikar silently mouthing an obscenity at Weiss on one occasion in November 2019.

1

actions or inactions regarding the three alleged incidents. See Doc. 36-3, p. 35, ¶137(l).

Defendants oppose Plaintiffs' Motion, arguing that the Motion is untimely and that Defendants would be prejudiced if amendment were permitted. Doc. 36. Plaintiffs did not file a reply brief and the time within which to do so has passed. For the reasons stated below, Plaintiffs' motion is DENIED.

**I.**

Federal Rule of Civil Procedure 15(a)(2) provides that a party's motion for leave to file an amended complaint should be freely given when justice so requires. However, a court appropriately denies a party's leave to amend under a number of circumstances, including bad faith, undue delay, dilatory motives, undue prejudice to the opposing party, repeated failure to cure deficiencies in prior amendments, and futility. *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013)[2] (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

When a court scheduling order deadline for amending pleadings has passed, a party must first show "good cause" under Rule 16(b) for failing to seek leave to amend earlier, and the court must evaluate prejudice to the nonmoving party before considering whether leave to amend is proper under Rule 15(a). *Bare v. Fed. Express Corp.*, 886 F. Supp.2d 600, 605-606 (N.D.Ohio 2012); *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). "In order to demonstrate good cause, the plaintiff must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 Fed App'x 296, 306 (6th Cir. 2014) (citing *Leary*, 349 F.3d at 906). "A plaintiff does not establish 'good cause' … where she was aware of the facts underlying the proposed amendment to her pleading but failed, without explanation, to move to

---

[2] Abrogated on other grounds by *Obduskey v. McCarthy & Holthus LLP*, --U.S.--, 139 S.Ct. 1029 (2019).

amend the complaint before the deadline." *Id*. (citing *Leary*, 349 F.3d at 908).

**II.**

As an initial matter, the Court notes that the lion's share of Plaintiffs' proposed 241-paragraph, 64-page, eight-count Amended and Supplemental Complaint (Doc. 36-3) contains the same allegations, counts, and relief that this Court had previously remanded to state court.[3] See Doc. 11. On this basis, alone, Plaintiffs' proposed amended complaint is improper. There are only two counts in this case, Counts 4 and 5.

Moreover, in their Motion, Plaintiffs state that they seek leave to "name" Flynn and Jevnikar as defendants in Counts 4 and 5. Doc. 36, p. 1. But Counts 4 and 5 of the proposed amended complaint remain alleged against AGCAI and eleven already-named individuals. See Doc. 36-3, p. 48, ¶195; p. 50, ¶205.

Additionally, Plaintiffs do not meet the Rule 16(b) standard showing "good cause" for their failure to seek leave to amend earlier or their burden to show that Defendants would not be prejudiced. *Bare*, 886 F. Supp.2d at 605-606; *Leary*, 349 F.3d at 906. It is undisputed that Plaintiffs' Motion is untimely. The deadline to request leave to amend the pleadings was September 9, 2019, and Plaintiffs filed their Motion three months later. Furthermore, they filed their Motion just eleven days before December 23, 2019, when fact discovery closed.[4] Plaintiffs have not alleged cause for their untimely request. A reopening of discovery, which they request, is prejudicial to Defendants, as granting the request would require re-deposing numerous

---

[3] In addition to remanding six of the original eight claims back to state court, the Court dismissed Flynn and Jevnikar from this lawsuit because the two remaining claims (Counts 4 and 5) were not alleged against them. Doc. 11.

[4] Fact discovery was originally set to close on November 8, 2019. On November 11, 2019, the parties jointly requested an extension until December 23, 2019, which the Court granted.

witnesses.[5]

Regarding the three alleged incidents Plaintiffs seek to add to the complaint, two of the incidents occurred in May and June 2019, shortly after this lawsuit was filed. Doc. 36, pp. 3-4. Certainly Plaintiffs knew of these alleged incidents shortly after they filed their lawsuit, seven months before they untimely moved for leave to amend their complaint to add these allegations. They offer no reason why they did not seek leave to add these allegations sooner. This fact, alone, is a sufficient basis upon which to deny Plaintiffs' Motion. *See Ross*, 567 Fed. App'x at 306 ("A plaintiff does not establish 'good cause' … where she was aware of the facts underlying the proposed amendment to her pleading but failed, without explanation, to move to amend the complaint before the deadline[,]" citing *Leary*, 349 F.3d at 906).

Finally, although Plaintiffs state in their Motion that "H.U.D. regulation found at 24 C.F.R. § 100.600(a) provides that Section 818 the Fair Housing Act (42 U.S.C. § 3617) may be violated by 'hostile environmental harassment because of … handicap[,]'" (Doc. 36, p. 5), they have failed to allege that the described acts were committed "because of [their] handicap.[6] Thus, Plaintiffs' proposed new allegations do not state a claim under the legal authority Plaintiffs cite. *See Glazer*, 704 F.3d at 458.

---

[5] In their Motion, Plaintiffs do not state what additional discovery they require. In their opposition brief, Defendants plausibly assert that permitting Plaintiffs to amend their complaint to add allegations against two new individuals and ten already named individuals would require re-deposing numerous witnesses. Doc. 38, p. 1. Plaintiffs did not file a reply brief disputing Defendants' assertion regarding the amount of new discovery required. Therefore, the Court assumes that numerous witness would need to be re-deposed if Plaintiffs are permitted to amend their complaint to add the new allegations against two new defendants.

[6] Indeed, the new allegations were simply tacked on to the numerous allegations in the proposed amended complaint regarding Plaintiffs' dissatisfaction with the Defendants' management of AGCAI, most of which are the subject of state court litigation, not the litigation in this case. The litigation in this case is confined to Plaintiffs' allegations that Defendants will not permit them to have gas grills on their patios in violation of their rights under the Fair Housing Act and its Ohio analogue.

For all these reasons, Plaintiffs' Motion (Doc. 36) is DENIED.

IT IS SO ORDERED.

Dated: January 27, 2020

*/s/ Kathleen B. Burke*
Kathleen B. Burke
United States Magistrate Judge