IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GENE B. PHILLIPS, *et al.*, | CASE NO. 1:19CV1277 |
| Plaintiffs, | |
| v. | MAGISTRATE JUDGE |
| | KATHLEEN B. BURKE |
| ACACIA ON THE GREEN | |
| CONDOMINIUM ASSOCIATION, INC., | |
| *et al.*, | |
| Defendants. | **MEMORANDUM OPINION & ORDER** |

Plaintiffs are condominium unit owners who allege they have disabilities and that Defendants Acacia on the Green Condominium Association, Inc., et al. ("Acacia") violated the Fair Housing Act and its Ohio counterpart when it did not permit them to have gas grills on their patios. Acacia filed a motion for summary judgment and, in support, the declaration of David J. Yuhas. Yuhas, Acacia's insurance broker, stated in his declaration that Acacia's insurance premiums would increase significantly or that it would become uninsurable if it permitted unit owners to have gas grills on their patios. Doc. 42-3, pp. 1-2, ¶¶ 3, 7.

Plaintiffs filed a motion to strike Yuhas' declaration, arguing that Yuhas is a fact witness Acacia failed to disclose as required by Fed.R.Civ.P. 26(a) and (e). Doc. 47, p. 3. Accordingly, Plaintiffs assert, pursuant to Fed.R.Civ.P. 37(c)(1),[1] Defendants are not permitted to rely upon Yuhas' declaration unless its failure to disclose him as a fact witness was substantially justified or harmless. Doc. 47, p. 3. Plaintiffs contend that Acacia's failure to disclose Yuhas was not

---

[1] Fed. R. Civ. P. 37(c)(1) provides,
  Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

1

justified and that his declaration should be stricken. Doc. 47, p. 3. Furthermore, they argue that Acacia should not be permitted to cite insurance costs as a defense to Plaintiffs' requests to have gas grills on their patios because Acacia never asserted insurance costs as a reason for denying their requests in any of its pleadings. Doc. 47, pp. 3-4.

Acacia filed an opposition brief. It admits that it failed to disclose Yuhas as a fact witness and asserts that it was an honest mistake. Doc. 48, p. 2. It states that its failure to disclose Yuhas is harmless because Plaintiffs knew that safety and liability issues were the reason Acacia denied their requests to have gas grills on their patios. Therefore, Acacia alleges, Plaintiffs had all the information necessary to conduct discovery into whether allowing residents to have gas grills on their patios would impact Acacia's liability exposure. Doc. 48, pp. 4-5. It further contends that the issue of increased insurance costs is not an affirmative defense required to be raised in a pleading. Doc. 48 p. 7. Finally, Acacia states that it does not oppose a reopening of discovery for the limited purpose of permitting Plaintiffs to depose Yuhas. Doc. 48, p. 6. Plaintiffs did not file a brief in reply.

The Court agrees that Acacia was required to disclose Yuhas as a fact witness. *See* Fed.R.Civ.P. 26(a)(1)(A)(i) ("a party must, without awaiting a discovery request, provide to the other parties…. the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses…"). However, the Court also finds that Acacia's error is harmless under the four-factor analysis set forth in *Howe v. City of Akron*, 801 F.3d 718 (6th Cir. 2015). The four factors to be considered by the Court are

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Id*. at 748.

  First, the surprise to Plaintiffs in this case is not great. Although Acacia has not submitted evidence showing that Plaintiffs knew Acacia's insurance rates would significantly increase or it could become uninsurable if it permitted unit owners to have gas grills on their patios, it has submitted evidence showing that Plaintiffs knew that Acacia's rule prohibiting patio grills was grounded in concerns for liability and safety and that Plaintiff Weiss was aware of a close connection between grills, fire safety, and insurance. See Doc. 42-5, p. 17 (letter from Acacia explaining that the rule prohibiting gas grills on patios "addresses fire safety concerns pertaining to open flames near a large multi-family building"); Doc. 48-1 (Weiss's deposition wherein he testified that he had questioned whether Acacia's community gas grills had the proper permits to ensure they were up to fire code requirements for insurance purposes and had expressed concern that another unit owner had constructed a fire hazard that could raise insurance issues for Acacia if there were an issue with that unit). Plaintiffs' related assertion—that Acacia should be prohibited from arguing increased insurance costs as a defense to their accommodation requests because it failed to assert this fact in any of its pleadings—is not well taken. *See Hollis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 543 (6th Cir. 2014) (the burden to prove reasonableness remains with the plaintiff: "Undue hardship [including financial burdens] cannot fairly be characterized as an affirmative defense or exemption to a reasonable-accommodation or reasonable-modification claim….the FHA nowhere states that undue hardship is an affirmative defense to reasonableness. Undue hardship is simply the other side of the reasonableness coin.").

  Second, any surprise to Plaintiffs can be cured by reopening discovery for the limited purpose of permitting Plaintiffs to depose Yuhas. Third, this would not be disruptive to trial. A

3

trial date has not yet been set and, at this summary judgment stage, the parties will have an opportunity to supplement their briefs after Yuhas' deposition has been taken. Fourth, the evidence is important because it goes to the heart of the issue whether Plaintiffs' requests were reasonable, an element of Plaintiffs' claims. *See Hollis*, 760 F.3d at 543. Fifth, Acacia has admitted that it made a mistake. Acacia's explanation is weak but that weakness is outweighed by the other factors, which indicate a lack of prejudice to Plaintiffs if they are provided an opportunity to depose Yuhas and to submit a supplemental brief. In sum, taken all the *Howe* factors into consideration, the Court finds that Acacia's failure to disclose Yuhas is harmless.

Accordingly, Plaintiffs' motion to strike Yuhas' declaration (Doc. 47) is DENIED. Discovery is reopened for the limited purpose of permitting Plaintiffs to engage in discovery regarding Yuhas. Any discovery is to be completed within thirty (30) days of the date of this Order.[2] Thereafter, within seven (7) days of the close of limited discovery, Plaintiffs may supplement their opposition brief. Seven (7) days after that, Acacia's supplemental reply brief will be due. Supplemental briefs shall be no more than five (5) pages.

IT IS SO ORDERED.

Dated: June 4, 2020

*/s/ Kathleen B. Burke*
Kathleen B. Burke
United States Magistrate Judge

---

[2] If Plaintiffs wish to take Yuhas' deposition, they are encouraged to do so using videoconferencing technology. If Plaintiffs elect to propound interrogatories upon Yuhas rather than depose him, they shall do so within 15 days of the date of this Order, and Acacia shall have 15 days to respond.