IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GENE B. PHILLIPS, *et al.*, | ) | CASE NO. 1:19CV1277 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| ACACIA ON THE GREEN | ) | |
| CONDOMINIUM ASSOCIATION, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OPINION & ORDER** |

The two claims remaining in this case[1] are brought under the federal Fair Housing Amendments Act, 42 U.S.C. §§ 3601, *et seq.* ("FHAA") and the analogous Ohio statute.

Plaintiffs Gene B. Phillips ("Phillips") and Stephen G. Weiss ("Weiss") own first floor units with patios at a condominium complex, Acacia on the Green ("Acacia"), that is managed by Defendant Acacia on the Green Condominium Association, Inc. ("AGCAI").[2] AGCAI provides a number of amenities for the use of all its residents, including a pavilion with grills, an outdoor pool, and an underground heated garage. Its rules prohibit residents from having personal grills on their patios or balconies. Over a 5-year period beginning in 2013 Weiss sought an exception to that rule on numerous occasions and for a number of reasons, none of which related to any alleged disability. His requests were denied. In August 2018, Weiss again sought an exception and, for the first time, cited the FHAA as the basis for his request. Phillips

---

[1] Plaintiffs filed an 8-count complaint in the Cuyahoga County Court of Common Pleas on May 2, 2019. Defendants removed the case to this Court on June 4, 2019. The Complaint is attached to the Notice of Removal as Doc. 1-2. By Order dated July 11, 2019 (Doc. 11), this Court remanded 6 of the Counts, which allege only state law claims. Counts IV and V are the claims remaining before this Court.

[2] In addition to AGCAI, Defendants include 7 current and former members of AGCAI's Board.

1

thereafter made a similar request. AGCAI denied Weiss's request; it proposed an accommodation to Phillips that was suggested by her doctor.

Defendants have filed a Motion for Summary Judgment (hereinafter, "Motion") (Doc. 42), arguing that they are entitled to judgment as a matter of law because Plaintiffs can show no genuine issue of material fact as to two of the elements they must prove under the FHAA, necessity and reasonableness. Id., p. 7.[3] Briefing on the Motion is complete.[4] Having reviewed the briefs and evidentiary submissions of the parties, the undersigned concludes for the reasons set forth below that there is no genuine issue of material fact as to the element of necessity and therefore GRANTS Defendants' Motion.

## I. Background Facts

Acacia on the Green is a two-building, 273-unit condominium in Lyndhurst, Ohio, that is managed by AGCAI. It is home to approximately 375 people. Doc. 42-1, p. 1, ¶3 (Declaration of Lisa Flynn, AGCAI Community Association Manager); Doc. 1-2, p. 1 (Complaint). AGCAI was established in 1980 when the buildings were converted from an apartment complex to condominiums. When the site was an apartment complex, residents were permitted to have grills on their patios and balconies. Doc. 49, p. 12; Doc. 49-14, p. 2. AGCAI has a rule banning unit owners from having grills on patios and balconies[5] and has installed grills in a common area for

---

[3] Citations are to ECF page numbers.

[4] See Plaintiffs' Brief in Opposition (Doc. 49), Defendants' Reply (Doc. 50), and the parties' supplemental briefing regarding the Declaration and testimony of David Yuhas, Docs. 57 and 58.

[5] Grills belonging to some former renters whose apartments were converted to condominium units remained on the premises for a period of time after the conversion. However, they were removed within a few years. Doc. 42-5, pp. 19-20. As first floor unit owners, Plaintiffs have "patios," not "balconies." Plaintiff Weiss has pointed out that older versions of AGCAI's rule banning grills referred only to "balconies." Doc. 49-2, p. 3, ¶ 17. However, Plaintiffs do not dispute that the rule has expressly banned grilling on both "balconies" and "patios" since 2010. Doc. 42-2, p. 13; Doc. 50-1, p. 21.

the use of all residents. Doc. 42-1, pp. 1-2, ¶¶5, 9.[6] AGCAI banned personal grills "for multiple reasons including concerns regarding the use of open flames in close proximity to a multi-unit residential building; the attraction of rodents and small animals to grease and food droppings often associated with outdoor cooking; and the nuisance created by unwanted odors and smoke arising from the grill and spreading to other units." Id.

### A. Evidence as to Plaintiff Phillips

In her Declaration submitted in opposition to the Motion, Phillips states that she has lived in her ground floor unit, which is adjacent to Plaintiff Weiss's unit, since 2005. Doc. 49-16, p. 1, ¶¶ 2-3; Doc. 1-2, p. 13, ¶41; Doc. 42-6, p. 5 (Phillips deposition). Since about 2010 or 2011 she had "pondered" why she was not permitted to have a grill on her patio. Id., pp. 7-8. She had friends who lived elsewhere with smaller patios who had grills. Id. She began to speak with Weiss about ACGAI's ban on patio grills in 2013 or 2014. Id. At that time, she agreed with Weiss that AGCAI's rules banning grills on patios was arbitrary, especially since grills had been permitted at one time. Id., p. 9.

Phillips first requested permission to have a gas grill on her patio in 2018 because she "finally got aggravated and said enough is enough." Id. Her request, via letter, did not mention the FHAA or any disability. Id., pp. 10-11. The Board rejected her request on August 7, 2018.[7] Id., p. 14. On August 29, 2018, after talking with Weiss, she submitted a second letter requesting permission to have a grill on her patio "based upon the Fair Housing Act which protects against disability discrimination." Id., p. 13; Doc. 49-16, p. 2, ¶7. The letter did not identify her disability. The Board again rejected her request in a letter similar to its first. Doc. 42-6, p. 11.

---

[6] In 2016-2017, AGCAI built a pavilion over the grilling area. Doc. 49-2, p. 2, ¶ 8.

[7] Phillips' first letter is not in the record.

Phillips states in her Declaration that she has difficulty walking. Doc. 49-16, p. 2, ¶9. She says that she experiences "substantial pain whenever I walk anywhere, including to the Acacia [grilling] pavilion." Doc. 49-16, p. 2, ¶7. She always uses a cane when walking and sometimes a walker. Doc. 49-16, p. 2, ¶9. Despite her pain when walking, she walks to the pool "almost daily" during the summer to go swimming because her doctor has recommended swimming in heated water as therapy. Doc. 49-16, p. 2, ¶12. The pool is adjacent to the pavilion that houses the common grilling area. Doc. 50-1, p. 27 (Weiss Deposition).

After this case was filed, on January 20, 2020, Phillips submitted a letter to the Board from her physician, Dr. Van Warren. Doc. 42-1, p. 2, ¶10; Doc. 42-7. Dr. Van Warren stated that Phillips "has generalized inflammatory arthritis, generalized osteoarthritis, and chronic pain syndrome." He also stated, "She has difficulty walking prolonged distances without using a cane for support" and "has difficulty walking any prolonged distances while using a cane while carrying food and supplies for outdoor cooking." He concluded with two alternative suggestions:

> She should benefit from having outdoor cooking equipment nearer to her living quarters or have some method of carrying food and supplies to the current outdoor cooking facility.

Id.

The Board responded to Phillips' submission of her doctor's letter, explaining that it had met, considered her request, and proposed the following accommodation, which it noted "meets the parameters set out by your treating physician":

> At the time that you would like to go to the grilling area/pavilion with food and supplies, if need be, place a call to the garage or gatehouse and they will bring a shopping cart to your unit. Should you need assistance with pushing the cart outside to the pavilion, they will take the cart to the pavilion.

Doc. 42-8.

4

In her Declaration, Phillips rejects the accommodation offered by the Board. She states that the assistance offered "would still require me to continue suffering great pain in having to walk to and from the grills at the pavilion" and she doesn't believe the Board's "belated" offer is reasonable. Doc. 49-16, p. 2, ¶14.

**B. Evidence as to Plaintiff Weiss**

Weiss's Declaration submitted in opposition to the Motion states that he has lived at Acacia with his wife in a ground floor unit with a patio since 2012. His unit adjoins Phillips' unit. Doc. 49-2, pp. 1-2, ¶¶4-5 (Weiss Declaration). The grilling pavilion is adjacent to the pool and both are located at the rear of the building in which Plaintiffs live. Id., p. 2, ¶7.

On August 7, 2013, Weiss wrote a letter to the Board requesting permission to use a gas grill on his patio. Doc. 42-5, p. 12 (letter). He cited the Lyndhurst and Ohio Fire Codes and stated that he would use a grill on his patio in a manner consistent with those codes, i.e., he would place his grill the required distance from the exterior building wall[8] and would have a fire extinguisher available. Id. The reasons he cited for wanting a grill on his patio were: he might drop food on the lobby carpet when carrying it to the common grilling area (walking through the lobby was preferable to walking outside because the grass was too wet to walk on); and the grills in the common area had been "somewhat unreliable this year."[9] Id. In July 2014, the Board informed Weiss by letter that it discussed his request at a meeting and declined to change its rule

---

[8] Weiss's August 7, 2013, letter said he would place the grill 15 feet from the exterior building wall. In subsequent correspondence he said the grill would be 10 feet away. His first letter apparently was based on a misreading of the Lyndhurst Fire Code, which requires a vertical distance of 15 feet and a horizontal distance of 10 feet. See Doc. 49-21.

[9] In his deposition, Weiss stated that he asked for permission to have a grill on his patio "[b]ecause I saw the favoritism that they allowed certain people to break certain rules, and after checking with the safety of it, I wrote them a letter saying, well, why don't you let me have a grill, you break rules for other people?" Doc. 50-1, p. 19 (Weiss deposition). Weiss acknowledged that AGCAI did not let any residents have grills on their patios. Id.

5

banning grills on patios, explaining that it "does not want to contend with liability and safety issues with regards to propane tanks" and "[t]here is the concern of the residual smoke going into and up to surrounding units."  Doc. 42-5, p. 13.

Shortly thereafter, the Board denied another request Weiss made to use a grill on his patio.[10]  Doc. 42-5, p. 14.

Weiss hired an attorney who, by letter dated February 13, 2015, informed the Board that AGCAI's Bylaws entitled Weiss to use a grill on his patio and promised that Weiss's use of a grill on his patio would not adversely affect his neighbors.  Doc. 42-5, p. 15.  On March 6, 2015, the Board, through counsel, advised that it disagreed with counsel's interpretation of AGCAI's governing documents and reiterated that its rule protects residents from "unwanted odors and fumes arising from a grill … in close proximity" and "addresses fire safety concerns pertaining to open flames near a large multi-family building."  Doc. 42-5, p. 17.

In 2016 Weiss renewed his request to have a grill on his patio via another letter to the Board, again relying upon the Fire Code.  Again, the Board denied his request, on May 23, 2016, explaining that AGCAI was permitted to, and had chosen to, adopt stricter rules regarding the use of personal grills than the standards set forth in the Fire Code.[11]  Doc. 42-5, pp. 19-20.

On May 11, 2017, Weiss, through new counsel, sent a letter to the Board asserting that he was entitled to have a grill on his patio based upon counsel's interpretation of AGCAI's Declarations and demanding that Weiss be permitted to use a gas grill on his patio.  Doc. 42-2, p.

---

[10] The Board's letter denying Weiss's request is in the record but Weiss's request is not.  When asked during his deposition about the Board's letters in response to letters he had purportedly written but which were not produced during discovery, Weiss explained, "Okay. I wrote a lot of letters. If it is a letter that was written, it may have been. I wouldn't say specifically, but I did write letters."  Doc. 50-1, p. 21.  In any event, Weiss does not dispute that the Board's letters were in response to letters he had sent, notwithstanding the absence of some of his letters from the record.  See also Doc. 49-2, p. 2, ¶¶9, 10.

[11] The letter does not specify whether the "Fire Code" was Lyndhurst's or the State of Ohio's.

6

21. On June 7, 2017, AGCAI's attorney replied by letter, again explaining the legal basis supporting ACGAI's prohibition of grills on patios. Doc. 42-2, pp. 23-24.

On June 22, 2017, Weiss sent a letter to the Board arguing for his right to have a grill on his patio; he also referenced a prior letter in which he had urged ACGAI to shut down the communal grilling area due to safety concerns. Doc. 42-5, pp. 25-26. He sent yet another letter to the Board dated July 11, 2017, asserting his right to have a gas grill on his patio based on ACGAI's Declarations. Doc. 42-5, p. 27. [12]

On August 14, 2018, five years after his original request and two years after he became disabled (see evidence discussed below), Weiss sent a letter to the Board stating, "This letter is a request for a reasonable accommodation under the FHA requirements, for people with disabilities, to have a gas grill on my patio." Doc. 42-5, p. 28. His letter did not identify his disability.

On September 7, 2018, the Board sent Weiss a letter stating that it considered his request during a Board meeting the previous day and denied it. Doc. 42-5, p. 28.

In his Declaration, Weiss states that he was diagnosed with lymphoma in 2016 and was required to undergo chemotherapy for many months. In the same year, he learned he had an immune deficiency.[13] Doc. 49-2, p. 3, ¶11. The only medication he regularly takes is for his lymphoma. Doc. 50-1, p. 23 (Weiss Depo.).

Weiss does not use a cane or other mobility aid. Doc. 50-1, p. 25. He parks his car in Acacia's underground garage and walks to it. Id., p. 27. He estimated that the distance from his

---

[12] In their briefing in this case, Plaintiffs have continued to refer to state law and AGCAI's Declarations in an effort to challenge the propriety under state law of AGCAI's rule banning unit owners from having grills on their patios and balconies. See, e.g., Doc. 49, pp. 18-20. That issue is not before this Court and therefore is not considered herein. Rather, the issue before the Court is whether Defendants' actions violate the FHAA and RC § 4112.02.

[13] The immune deficiency that Weiss has is circular vascular immune deficiency (CVID). Doc. 49-2, p. 3, ¶ 11.

7

unit to the garage is approximately the same as the distance from his unit to the grilling pavilion. Id., pp. 12-13, 26-27.[14] Weiss walked to the grilling pavilion ten times in 2019. Id., p. 27.

Notwithstanding his general ability to walk, Weiss states that he has periodic episodes when he can only walk a few steps within his unit:

> The combined effect of my ailments and their treatments have caused me to periodically to suffer from extreme exhaustion which makes me too weak to even walk except for a few steps in my apartment, which exhaustion can last for many hours and even days. These effects generally wear off but return at unexpected times. When my weakness returns I am not able to walk anywhere outside of my apartment, including to my car in the Acacia garage or to the pavilion. I would like to grill on my large patio which is only a few steps for me to walk to.

Doc. 49-2, p. 3, ¶12.

On December 28, 2018, Weiss sent the Board a letter from his treating immunologist, which stated:

> The accommodation for Mr. Weiss to have a grill on his patio is necessary due to his disability from cancer and CVID. These two diseases substantially affect Mr. Weiss's ability to walk. The accommodation will give him full use and enjoyment of his unit.

Doc. 49-2, p. 22.

The record does not contain a response.

**C. The Claims**

Counts IV and V of Plaintiffs' Complaint, the only claims remaining in this case,[15] allege that Plaintiffs are handicapped persons and that Defendants violated the FHAA and the analogous Ohio statute when they denied Plaintiffs' requests to have gas grills on their patios so

---

[14] During his deposition he estimated the distance to both locations as a couple of hundred yards. Id. In his Declaration, he states that the distance to the grilling pavilion from the front door of his unit is 600 feet. Doc. 49-2, p. 2, ¶8.

[15] See note 1 above. Count IV contains an additional allegation as to violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12001 *et seq.* but Plaintiffs have withdrawn that claim. Doc. 32.

8

that they would not have to walk to the common grilling pavilion. They assert that that their requested accommodation, i.e., having personal gas grills on their patios, is reasonable and imposes little, if any, burden on AGCAI. Plaintiffs further allege that Defendants' denials of the requested accommodation "have caused Plaintiffs to incur disruption to their full enjoyment and use of their respective dwellings, as well as having caused each of them great emotional distress . . ." Doc. 1-2, p. 47, ¶203.

## II. Law and Analysis

### A. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The movant "bears the initial responsibility of informing the district court of the basis for its motion, identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted).

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "Inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Id.* at 587 (internal quotations and citations omitted). However, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. The non-moving party must present specific facts that demonstrate there is a genuine

issue of material fact for trial. *Id.* at 587. "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1986).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A genuine issue for trial exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Muncie Power Producers, Inc. v. United Techs. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 248). Thus, for a party to avoid summary judgment, "there must be evidence on which a jury could reasonably find for [that party]." *Anderson*, 477 U.S. at 252. Accordingly, in determining whether summary judgment is warranted, a court generally asks, "whether there is evidence upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed." *Id.* (citation omitted).

### B. The FHAA and R.C. § 4112.02

The FHAA prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap...." 42 U.S.C. § 3604(f)(2).[16] "Discrimination" is "[a] refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be made necessary to afford such person equal opportunity to use and enjoy a dwelling[.]" § 3604(f)(3)(B).

In order to prevail, a plaintiff in an FHAA case must prove that:

(1) he or she suffers from a disability within the meaning of the FHAA;
(2) the defendant knew or reasonably should have known of the disability;

---

[16] Congress passed the federal Fair Housing Act (FHA) as Title VIII of the Civil Rights Act of 1968 to prohibit housing discrimination on the basis of race, gender, and national origin. In 1988, Congress passed the Fair Housing Amendments Act (FHAA), which expanded the coverage of the FHA to include people with disabilities. *Larkin v. State of Mich. Dep't of Soc. Servs.*, 89 F.3d 285, 288 (6th Cir. 1996).

> (3) the requested accommodation may be necessary to afford "an equal opportunity to use and enjoy the dwelling;"
> (4) the accommodation is reasonable; and
> (5) the defendant refused to make the accommodation.

*Overlook Mut. Homes, Inc. v. Spencer*, 415 F. App'x 617, 621 (6th Cir. 2011) (citing *DuBois v. Ass'n. of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2005)); *see also Hollis v. Chestnut Bend Homeowners Ass'n.*, 760 F.3d 531, 541 (6th Cir. 2014) (citing *Overlook*).

Claims brought under RC 4112.02(H) are analyzed using the same standard as is applied to an FHAA claim, and courts consider them together. *See Means v. City of Dayton*, 111 F.Supp.2d 969, 973 (S.D. Ohio 2000).

Defendants do not argue in the Motion that Plaintiffs cannot meet the first two elements of an FHAA claim: (1) that they each suffer from a disability within the meaning of the FHAA; and (2) that Defendants knew or reasonably should have known of their disability. Rather, Defendants argue that Plaintiffs cannot meet the third and fourth elements, i.e., Plaintiffs cannot show that (3) their requested accommodation is necessary to afford an equal opportunity to use and enjoy their dwelling and (4) their requested accommodation is reasonable.

**C. There is no genuine issue of material fact with respect to the element of necessity.**

The FHAA only requires a building owner or manager to make those accommodations that are "necessary" to give a person with a handicap an "equal opportunity to use and enjoy a dwelling." *Davis v. Echo Valley Condo. Ass'n*, 945 F.3d 483, 490 (6th Cir. 2019). "[T]he law does not require *more* or *better* opportunities for those with handicaps as compared to those without." *Id*., quoting *Cinnamon Hills Youth Crisis Ctr. v. St. George City*, 685 F.3d 917, 923 (10th Cir. 2012) (emphasis in original, internal quotation marks omitted).

11

> When analyzing whether an accommodation is required under this Act, the three operative elements are "reasonable," "equal opportunity" and "necessary." *See Smith*, 102 F.3d at 794. . . .In order to prove that an accommodation is "necessary," "[p]laintiffs must show that, but for the accommodation, they likely will be denied an equal opportunity to enjoy the housing of their choice." *Id*. (citing *Bronk v. Ineichen*, 54 F.3d 425, 429 (7th Cir.1995).

*Howard v. City of Beavercreek*, 276 F.3d 802, 806 (6th Cir. 2002) (quoting *Smith & Lee Assocs., Inc. v. City of Taylor, Mich*., 102 F.3d 781, 794 (6th Cir. 1996)).

In order to be necessary, an accommodation must be needed, not merely desired, by the plaintiff seeking an accommodation. It must also be effective in ameliorating the effects of the plaintiff's disability. *See Howard*, 276 F.3d at 806 ("[T]he concept of necessity requires at a minimum the showing that the desired accommodation will affirmatively enhance a disabled plaintiff's quality of life by ameliorating the effects of the disability[,]" quoting *Bronk v. Ineichen*, 54 F.3d 425, 429 (7th Cir. 1995)).

Defendants argue that Plaintiffs cannot demonstrate that their requested accommodation is necessary, i.e., that, without it, they likely will be denied an equal opportunity to enjoy the housing of their choice. Doc. 42, p. 19. They assert that Plaintiffs cannot show that their requested accommodation would ameliorate the effects of their disabilities. Id. Plaintiffs respond that their "ability to use and enjoy grilling as their neighbors can *is dependent on using their patios to do so*, since they can only use the pavilion grills with substantial and constant pain (in the case of Phillips) and with the risk of being unable to walk but a few steps, if any, (in the case of Weiss)." Doc. 49, p. 26 (emphasis in original).

### 1. Analysis as to Plaintiff Phillips

Defendants are entitled to summary judgment on Phillips' FHAA and related Ohio law claims because Phillips' request to have a grill on her patio does not meet the test of necessity and, in any event, Defendants have offered her a reasonable accommodation.

First, Phillips has not shown that she is unable to walk to the common grilling area such that having a grill on her patio is a necessary accommodation. While she states that she "seldom" walks to the common grilling area because it causes pain (Doc. 49-16, p. 2, ¶13), she also experiences pain when walking to the pool, which is adjacent to the grilling pavilion, but she acknowledges that she walks to the pool frequently (almost daily during the summer months) nevertheless. Id. In other words, Phillips can walk the distance to the grilling pavilion, the same distance as to the pool, but she prefers not to. Thus, there is no genuine issue of material fact concerning whether it is necessary for Phillips to have a personal grill on her patio. Having a personal grill is not necessary because her Declaration and testimony establish that she is fully capable of walking the distance from her unit to the grilling pavilion.

Phillips' doctor did not state that she could not walk the distance to the common grilling area. Rather, he noted that she has "difficulty walking prolonged distances without a cane" and "difficulty walking prolonged distances with a cane and while carrying food and supplies for outdoor cooking." Doc. 42-7. He suggested two alternative accommodations, stating that Phillips would "benefit from having outdoor cooking equipment nearer to her living quarters or have some method of carrying food and supplies to the current outdoor cooking facility." Doc. 42-7 (emphasis supplied). ACGAI offered Phillips the second of the two accommodations suggested by her physician, i.e., assistance with carrying food and supplies to the common grilling area.

While Phillips rejects AGCAI's proffered accommodation, preferring to have a personal grill on her patio, her preference doesn't entitle her to that accommodation under the FHAA. What AGCAI offered was a reasonable accommodation under the FHAA. *See, e.g., Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 113 (3d Cir. 2018) (resident's

13

preference to keep her walker in the lobby was not "necessary" in light of alternative provided by the defendant association that she call when she wanted it and a staff member would bring it to her. The *Vorchheimer* court explained: "[T]he Act guarantees her only a 'reasonable accommodation' that satisfies her needs, not the particular accommodation that she wanted[.]"). *See also United States v. Trumbull Metro. Housing Auth.*, 2018 WL 2183265, at *5 (N.D.Ohio May 10, 2018) (plaintiffs' desire for a separate room for dialysis treatment and a separate room for a child with a learning disability failed because medical evidence did not indicate these accommodations were necessary to accommodate their disabilities); *Gavin v. Spring Ridge Conservancy*, 934 F.Supp. 685, 687 (D. Md. 1995) ("the statute does not talk in terms of accommodations and/or modifications that are simply convenient . . . .").

Accordingly, Phillips has failed to show that there is a genuine issue of material fact on the required element of necessity and Defendants are entitled to summary judgment on her FHAA and RC 4112.02 claims. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

### 2. Analysis as to Plaintiff Weiss

Defendants are also entitled to summary judgment on Weiss's FHAA and related Ohio law claims because, like Phillips, Weiss has not shown that there is a genuine issue of material fact regarding whether it is necessary for him to have a personal gas grill on his patio.

Weiss's Declaration and deposition testimony, described above, establish that he generally is able to walk the distance to the grilling pavilion, which is the same as the distance to his parking space. However, he states that he periodically has episodes of extreme exhaustion that make him "too weak to even walk except for a few steps in my apartment. . . ." Doc. 49-2, p. 3, ¶12. On days when Weiss is not suffering such a periodic episode, a personal grill clearly is not necessary because he can walk to the grilling pavilion. And, on the days when he is

experiencing extreme exhaustion and can only walk a few steps within his unit, a personal grill is not necessary because it would not ameliorate the effects of his disability. Weiss would keep the grill a minimum of 10 feet from the exterior of his unit in order to comply with the Ohio and Lyndhurst fire codes. See, e.g., Doc. 1-2, pp. 13-14, ¶44 (Complaint); Doc. 42-5, p. 12 (Weiss's letter to the Board in which he asserts that he would use his grill in compliance with the Ohio and Lyndhurst fire codes, including placing the grill the required distance from the building exterior); Doc. 49-21 (Ohio and Lyndhurst fire codes). Having a grill on his patio would not ameliorate the effects of Weiss's disability when he is experiencing extreme exhaustion because he could not walk the distance to the grill. *See Howard*, 276 F.3d at 806 ("[T]he concept of necessity requires at a minimum the showing that the desired accommodation will affirmatively enhance a disabled plaintiff's quality of life by ameliorating the effects of the disability."); *Hollis*, 760 F.3d at 541 ("The necessity element is, in other words, a causation inquiry that examines whether the requested accommodation or modification would redress injuries that otherwise would prevent a disabled resident from receiving the same enjoyment from the property as a non-disabled person would receive.").[17]

There is no genuine issue of material fact regarding whether Weiss's having a personal grill on his patio is necessary. It is not under the evidence provided by Weiss himself.

---

[17] The letter from Weiss's doctor, which states that his cancer and CVID substantially affect his ability to walk does not create a genuine issue of material fact in light of Weiss's more detailed description in his Declaration and deposition testimony of the precise effects of his medical conditions on his ability to walk.

15

### III. Conclusion

In summary, Plaintiffs' evidence does not create a genuine issue of material fact on the required element of necessity. Therefore, Defendants are entitled to judgment on Plaintiffs' claims under the FHAA and R.C. § 4112.02. The Court does not reach the issue whether Plaintiffs' requested accommodation is reasonable.

For the reasons state above, Defendants' Motion for Summary Judgment (Doc. 42) is GRANTED.

IT IS SO ORDERED.

Dated: October 7, 2020

*/s/Kathleen B. Burke*
Kathleen B. Burke
United States Magistrate Judge